**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **REV. JAMES E. STATEN, The Messiah,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 11-274-GPM |
| ) | |
| **WALMART,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who calls himself "The Messiah," filed this case against WalMart. The Court is unable to discern Plaintiff's complaint against WalMart. He describes a janitorial position that he held at one time but seems to be describing cleaning services performed in the office of the Clerk of Court. In any event, he seeks leave to proceed *in forma pauperis*.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As used in the *in forma pauperis* statute, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. This provision, which currently is part of the Prison Litigation Reform Act, applies not only to cases brought by prisoners, but also to cases brought by all indigent litigants. *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). The statute

> is designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327. Where frivolous allegations cannot be remedied through more specific pleading, a court may dismiss them with prejudice. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *see also Gladney*, 302 F.3d at 775 ("a suit dismissed on the ground that it is frivolous normally cannot be refiled"); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (per curiam) (recognizing that the Supreme Court, in *Denton*, noted the possibility that dismissals under the *in forma pauperis* statute on the ground of frivolousness could be with prejudice).

The Court finds Plaintiff's complaint to be legally frivolous, as this Court cannot even determine what relief Plaintiff seeks.[1] There is no legal basis for Plaintiff's claims, and, further, they describe "fantastic or delusional scenarios." *See Neitzke*, 490 U.S. at 327-28. More simply, as described by Circuit Judge Posner, there is no legal basis for the claims, and the facts alleged are "so

---

[1] This Court inquired of the deputy Clerk of Court whether pages were missing from the complaint. The one-page complaint is all that Plaintiff filed.

nutty ('delusional' is the polite word) that they're unbelievable." *Gladney*, 302 F.3d at 774.

Therefore, the motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED: November 15, 2011

    s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge